# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CURTIS J. HAMMOND, JR., as Independent Administrator of the Estate of CURTIS J. HAMMOND, SR., Deceased, and CURTIS J. HAMMOND, JR., as Independent Administrator of the Estate of EILEEN M. HAMMOND, Deceased,<br><br>  Plaintiff,<br><br>  v.<br><br>SYSTEM TRANSPORT, INC., a Washington corporation, TRANS-SYSTEM, INC., an Indiana corporation, and ROBERT D. AUSTIN,<br><br>  Defendants. | Case No.  11-cv-1295 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendants' Motion for Summary Judgment as to Counts IX and X of Plaintiff's Complaint (Doc. 49). In it, Defendants argue that under the Illinois Survival Act, the decedent must experience conscious pain and suffering before death, but Plaintiff has failed to present any evidence to satisfy this requirement. (Doc. 51 at 9-10). Plaintiff filed a Response after he was allowed to depose Defendant Austin, acknowledging that he was unable to obtain evidence of conscious pain and suffering and consenting to dismissal of Counts IX and X. (Doc. 64 at 1-2). Thus, Defendants' Motion is granted.

As Defendants have admitted liability as to Counts I, III, V, and VII, which are the only remaining counts in this case, the only issue to be tried is the amount

of damages on these claims. As no dispositive motions on these claims are pending, the matter will proceed to trial. The Court thus sets a status conference by telephone on July 22, 2013, at 1:30 pm, to discuss possible trial dates. The Court anticipates a final pretrial conference on approximately September 30, 2013, and a trial at the end of October 2013.

To facilitate a smooth pretrial process, the Court refers the parties to Local Rule 16.1 and the General Rules for the Conduct of Counsel During Trial[1] as they prepare for the final pretrial conference. The Court expects familiarity with these procedures. Under Local Rule 16.1, the parties must prepare an agreed proposed pretrial order. Though the Rule provides that the proposed order is typically to be submitted to the Court at the final pretrial conference, such proposed order will in this case be due one week prior to the conference. Based on this modification, Plaintiff's counsel must submit the prepared order to opposing counsel two weeks before the final pretrial conference. The parties are specifically prohibited from attempting to reassert arguments that have already been rejected by the Court, as such matters are not appropriate in a pretrial order. *See Serritella v. Markum*, 119 F.3d 506, 512-13 (7th Cir. 1997); *Bastian v. Petren Res. Corp.*, 892 F.2d 680, 682-83 (7th Cir. 1990). The parties are encouraged to stipulate to or settle as many facts and issues as possible prior to trial.

In addition, Local Rule 16.1(E)(6) provides that the parties must submit an agreed set of jury instructions. These agreed instructions will also be due one week

---

[1] This document is available to counsel through the Court's website, at http://www.ilcd.uscourts.gov/sites/ilcd/files/local_rules/McDade_Courtroom_Rules_0.pdf.

prior to the final pretrial conference. If the parties cannot agree on a particular instruction, they must also jointly submit a concise brief explaining the point of disagreement and offering each party's competing proposed instruction. The Court will not, unless absolutely necessary, write jury instructions for the parties, and they should not expect that it will do so; the Court will, however, review the briefs concerning the disputed instructions and give guidance as to the legal questions presented. Further, any evidentiary motions *in limine* and *Daubert* motions will be due on the date of the final pretrial conference and responses thereto will be due one week after the final pretrial conference.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment as to Counts IX and X of Plaintiff's Complaint (Doc. 49) is GRANTED. Counts IX and X are DISMISSED WITH PREJUDICE. This matter is SET for a telephone status conference on July 22, 2013, at 1:30 pm, at which the Court will set the dates for final pretrial conference and trial. The Court will place the call to the lead attorneys of record.

Entered this 20th day of June, 2013.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge